Good morning, Your Honors. May it please the Court, Counsel. My name is Richard Whitney, representing the defendant appellant, Monty Englehart, in this matter. In this appeal, I am asking this Court to reverse Mr. Englehart's conviction and remand this cause for new proceedings based on one issue, the trial court's one-sentence denial of Mr. Englehart's clear and unequivocal invocation of his Sixth Amendment right to represent himself, without complying with Rule 401A, without conducting any other inquiry, and without any explanation. The entire exchange occurring prior to the commencement of trial consisted of Mr. Englehart stating, Your Honor, I would like to represent myself, and the Court responding, That will be denied. Under our Sixth Amendment jurisprudence, the Court's duty was to make a sufficient inquiry to determine whether Mr. Englehart's request to represent himself was freely, knowingly, and intelligently made, and, if it was, to grant that request. Since it utterly failed to do so, and since there is no other basis in the record for finding that Mr. Englehart's request was not freely, knowingly, and intelligently made, the judgment of conviction must be reversed. Counsel, at what stage did the defendant make his request? At a pretrial hearing on the day of trial, but significantly and notably before the commencement of the four-year. And the reason, Your Honor, why that is important is because one of the two arguments that the State has made in this appeal for arguing that one of the narrow limitations to the Sixth Amendment right of self-representation applies was because it came too late, because it came on the eve of trial. However, the very case cited and relied upon the State, People v. Burton, by our Illinois Supreme Court, simply made the observation a number of courts have held that a defendant's request is untimely, where it is made just before the commencement of trial. However, in the numerous cases that the Burton Court cited, most of them by federal courts of appeal, every single one of those cases held that the dividing line between what just before means is if it occurs after the four-year has begun or after the jury is impaneled. Mr. Englehart's request came before the four-year even began. And accordingly, under the very cases cited by our Supreme Court in Burton, we find that the first, third, fourth, fifth, seventh, ninth, and eleventh federal courts of appeal all held that that dividing line is either the commencement of a four-year or the impaneling or swearing-in of the jury. In this case, Mr. Englehart's request came before any of that occurred. And accordingly, following the very authority and authorities that were indirectly cited in Burton, we have to find that this request was, in fact, timely. Now, there is also another exception where the Burton Court cited one Illinois appellate court case, Woodruff, where the court held a dicta or stated a dicta that the defendant cannot wait until the eve of trial and, holding for continuance, announced that he has decided to rely upon his skills rather than counsel's. But notably, in this case, there was no request for continuance. There was no indication, implication, insinuation or anything of the kind indicating that Mr. Englehart was doing this for purpose of trying to delay the trial. And even if there was a suspicion that that might be the case, all the court had to do was inquire or say, well, Mr. Englehart, we'll talk about this, but I'm telling you right now we're not going to do it if this is for continuance. The court didn't do any of that. There was no inquiry made. There was no hint that this was for purposes of delay. Therefore, Woodruff, in the cases that, you know, that hold that if it's an improper delay, that might be a reason to deny the request, clearly doesn't apply here. The court made no inquiry whatsoever, just said that will be denied. So, accordingly, we cannot, the State cannot take refuge in Woodruff or other cases. And, as a matter of fact, in our reply brief, I believe I cited the First District case, 2016 case of Peabody Hunt, where the appellate court held that a request to proceed per se, which is not accompanied by a request for additional time to prepare, should generally be viewed as timely as long as it's made before trial. And, again, this did occur before trial, before the commencement of voir dire. The only other grounds that the State relies upon in trying to argue that one of the very narrow restrictions on the Sixth Amendment right to self-representation might apply is that the State advances an argument that Ms. Ringohart had been disruptive throughout the pretrial proceedings, and, therefore, it comes within the exception for which Ms. Ringohart's case was cleared out. This is a very narrow exception, and it only applies to a defendant who engages in, quote, serious and obstructionist misconduct, unquote. And, as I went through in the reply brief and looked at each of these incidents cited by the State, we're not even remotely close to that here. What we had in this case, basically, was a client who was annoyed and perplexed by his attorney, and he did express that on several occasions. Notably, in three of the occasions cited by the State, the exchange between Ms. Ringohart and the court began with, may I address the court, please? Or, in one case, it was, I would like to respectfully address the court. How is that obstructionist misconduct? That does not even remotely come close to obstructionist misconduct. The only thing that even remotely is in the same ballpark is one time in a pretrial hearing he made a sarcastic comment that there was a kangaroo court going on. That's it. He didn't obstruct anything. And, as a matter of fact, if you look at the record of the trial itself, he didn't cross a fuss. He didn't obstruct anything. What we have here is a defendant irritated with his attorney. He expressed it on a few occasions. He did have a lot of questions of the court, but he politely asked the court to try to explain things to him. None of that rises to the level of serious and obstructionist misconduct, which I cited a case in the, out of the Ninth Federal Circuit, in the reply brief, that what that's really referring to is uncontrollable and disruptive behavior in the courtroom. Again, we don't see that here. And, as a matter of fact, a lot of the exchanges between Mr. Ringohart and his attorney were in the context of the attorney trying to withdraw from representing them. Clearly, these two people did not get along, and it culminated in the request made by Mr. Ringohart. On one of the occasions cited by the state, it was the attorney who interrupted Mr. Ringohart. In another occasion, he actually corrected his attorney because she misstated the fact about his prior record. These are the kinds of things that happen here. It does not rise to the level of serious and obstructionist misconduct. Our Supreme Court in People v. Baez, which I think is one of the keystone cases here, was very clear that once a clear and unequivocal request is made to represent yourself, and you can't get much more clear and unequivocal than, Your Honor, I would like to represent myself. And if the decision is freely, knowingly, and intelligently made, which the court here did not even ask, but if it was, and there's no reason to suppose otherwise here, it must be accepted. The three categories of very narrow restrictions on that right, none of them apply here. The record shows that, as we argued in the briefs. Accordingly, on behalf of Mr. Ringohart, I respectfully request that the judgment of conviction be reversed, in this case remanded, so that Mr. Ringohart's Sixth Amendment right to represent himself will be respected. Thank you, Your Honor. Thank you, Counsel. Counsel? May it please the Court. Good morning, Your Honors. Counsel? My name is Erin Wilson-Legler and I appear on behalf of the State. This Court should affirm defendant's conviction because his request to proceed pro se was untimely, as it was made minutes before the start of voir dire. Because the request was untimely, it was within the trial court's In his reply brief, defendant accuses the State of misrepresenting the Supreme Court's decision in People v. Burton. In Burton, the Supreme Court held, and I quote from page 24 of the opinion, the timing of a request is also significant. A number of courts have held that a defendant's request is untimely where it is made just before the commencement of trial, after trial begins, or after meaningful proceedings have begun. Once such proceedings have begun, the trial judge has discretion to deny defendant's request to represent himself. The Supreme Court went on to conclude that the defendant's request to proceed pro se there was not clear or unequivocal, but it also noted that the request was made untimely because it was made just prior to the defendant's sentencing in that case. And prior to? Sentencing in that case. Counsel, what about the opposing counsel said all the cases line up to say the reviving line is voir dire. If you make the request prior to that, then it's timely. Your Honor, those cases are Federal Circuit Court cases, whereas we're bound by the direct language that our Supreme Court stated. And our Supreme Court in Burton stated just before the commencement of trial. That would obviously include the beginning of the proceeding in which voir dire is to be conducted, and that is exactly when Mr. Englehart made his request at this case. The parties had appeared in court to start voir dire, and before they brought the potential jurors in, this exchange occurred. And because, excuse me, and it's the State's position that that particular timing falls directly within our Supreme Court's language of just before the commencement of trial. Consequently, the decision to grant or deny a defendant's request was a matter within the court's discretion. And to that end, prior to the defendant's request to proceed pro se, the State had informed the trial court that the defendant had a pattern of dispensing with attorney after attorney to delay court proceedings. How many attorneys were, did he go through? In this particular case, he only had one, but he also had another case proceeding in the trial court, and it was in that case that the State was referring to the defendant's pattern of delaying proceedings by going between different attorneys. Defendant had also been unruly and uncooperative at various points throughout these proceedings. But to be clear, the State is not suggesting that the request to deny is validated by the obstructionist conduct exception that was noted in Woodruff and Woodson, as the defendant has indicated. Instead, the State is merely pointing out defendant's conduct to contextualize the trial court's decision when it was exercising its discretion as it was faced with an untimely request to proceed pro se. Does it affect the trial court's exercise of its discretion that it did not inquire? Your Honor, if the request to proceed is untimely and the decision is therefore within the trial court's discretion, the trial court is not under an obligation to conduct those inquiries. I realize that's the position. That's how we work. But when we review an exercise of discretion, we have to necessarily review those factors in the background, the underlying factors in the courts, determining that it can exercise its discretion and then exercising So basically, to rephrase what I'm asking, did the trial court's non-inquiry as to the reasons for the ability or anything affect in any way its exercise of discretion as far as the underlying basis on which we need to review it? No, Your Honor, it did not. And that is because the request was untimely. Had the request been timely, the trial court would have been under an obligation to conduct those inquiries and determine whether the request was clear or unequivocal. But because the request was untimely, the trial court was not under an obligation to conduct those inquiries as illustrated by the facts in Burton. Instead, it was within the trial court's decision to look at the circumstances and understand the context and determine whether or not the request should be granted or denied. And given the circumstances before the court at that time wherein he was aware that the defendant had this pattern in his other case and the defendant had been very uncooperative with his counsel and had interrupted the proceedings sometimes civilly, sometimes not civilly, with those circumstances before the trial court, the trial court properly exercised its discretion and required counsel to continue representation. Therefore, the request to deny was not an abuse of discretion. And if Your Honors do not have further questions, the State would respectfully ask that this case be adjourned. Just briefly, Your Honors, three points. One, I fail to see any relevance to any prior pattern in another case of Mr. Engelhardt allegedly requesting different attorneys. That's not what he was requesting here. Yes, it would have been a concern if he had said, you know, I want to discharge my attorney so that I can get another one, thereby fomenting another delay. But that was not the case here. He said, I want to represent myself, and with no insinuation that he wanted any delay. Were they ready for trial? Apparently, he was ready for trial, at least in the absence of any inquiry. We can't assume otherwise. Secondly, again, the Illinois Supreme Court holding in Burton was based on its conclusion that the defendant did not clearly and unequivocally invoke his right to represent himself, a completely different issue from what we have here. There's no question that Mr. Engelhardt did that here. So it was, at best, in Ditta where the Supreme Court made the statement, and again, the full quote is, a number of courts have held that a defendant's request is untimely where it is first made just before the commencement of trial, end quote. And it was in that context that it cited all of these cases, saying that just before means after voir dire. So, again, the very source relied upon by the state does not support the conclusion it wants this court to draw. It supports the conclusion that I'm asking this court to draw. Yes, would it have been better if it had been made a few weeks before? Of course. But it was still timely under the very array of case laws cited favorably by the Illinois Supreme Court in Burton. For these additional reasons, we respectfully ask that Mr. Engelhardt's conviction be reversed. Thank you. Well, I would say, Your Honor, given the importance and the magnitude of the Sixth Amendment right, which, as the court in the Lego case, also by the Illinois Supreme Court, said, if the decision is freely knowing and intelligently made, it must be accepted out of the respect for the individual, which is the lifeblood of the law. I would say that it's at least implied by Burton that if it comes before voir dire, it still has to be respected, absent some other consideration that might give the court reason to deny the request. But since none of those other factors are present, and since there was no request for a continuance or even a hint of that, then for these reasons, I believe that it would have to come as an abuse of discretion to simply summarily deny it, particularly with no inquiry. And that's the other part of our argument here on this appeal, is there is a duty under Rule 401A to make this inquiry, which the court failed to do. Granted, almost all the case law comes in cases in which the defendant was granted the right to represent himself and, you know, then had buyer's remorse, so to speak, and so on. It is a little unusual for us to invoke it here, but clearly if the court has a duty to inquire before accepting a request, it implicitly must have a correlative duty to make the inquiry before denying the request unless there is some clear other reason why a serious obstructionist misconduct to deny it. Again, that's not present here. I would ask on the basis of the numerous Federal authorities cited in Burden that this court find that the court abuse its discretion in denying the request. Thank you, Your Honors. We appreciate the briefs and arguments of counsel to take the case under advisement.